# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

ARIEL LOPEZ COLON
Defendant.

CASE NO: 18-198(DRD)
18-335(GAG)

## PLEA AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(C))

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel W. Stephen Muldrow, United States Attorney for the District of Puerto Rico; Myriam Y. Fernandez Gonzalez, Assistant United States Attorney, Chief, Criminal Division; Alberto R. Lopez-Rocafort, Assistant U.S. Attorney, Deputy Chief, Gangs Unit; Assistant U.S. Attorney, Teresa S. Zapata Valladares, Assistant U.S. Attorney and defendant's counsel, Carlos Sanchez La-Costa, and defendant **ARIEL LOPEZ COLON** pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to COUNT FIVE of the Superseding Indictment in case 18-198(DRD) and COUNT TWO of the Indictment in Case 18-335(GAG).

Count FIVE of the Superseding Indictment in case 18-198 charges that on or about March 7, 2018 in the Municipality of Cayey, District of Puerto Rico and within the jurisdiction

1

of this Court, **ARIEL LOPEZ COLON**, the defendant herein did knowingly carry, use and brandish firearms during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Title 18, United States Court, Section 1201. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

Count TWO of the Indictment in case 18-335(GAG) charges that on or about April 12, 2018, in the District of Puerto Rico and within the jurisdiction of this Court, [1] **ARIEL LOPEZ COLON** the defendant herein, did knowingly possess a machinegun, to wit, of unknown make and caliber, capable of firing automatically more than one shot with a single pull of the trigger, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2)

## 2. MAXIMUM PENALTIES

The minimum statutory penalty for the offense charged in **Count Five** of the Superseding Indictment in Case 18-198(DRD) is a term of imprisonment of not less than five (5) years and the maximum term is up to life in prison; pursuant to Title 18, United States Code, §3571(b)(3); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, §3583(b)(1); and a supervised release term of not more than five (5) years, pursuant to Title 18, United States Code, § 3583(b)(2).

The maximum statutory penalty for the offense charged in **Count Two** of the Indictment in case 18-335(GAG) is a term of imprisonment of not more than 10 years, pursuant to 18 U.S.C. § 924(a)(2); a fine not to exceed $250,000.00, pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of $100.00, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 3. ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

### 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered, and the Court may also impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

### 6. RULE 11(c)(1)(C) WARNINGS

Pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*, the parties have agreed to recommend to the Court a sentence of imprisonment of 60 months as to Count FIVE of the Superseding Indictment in case 18-198(DRD) and of 6 months of imprisonment as to Count Two of the Indictment in case 18-335(GAG) to be served consecutively for a total term of imprisonment of 66 months.

Defendant understands that the Court may either accept or reject this sentencing

recommendation range, as more specifically described below:

(a) Should the Court **accept** the sentencing recommendation, the Court would sentence Defendant to the agreed upon sentencing recommendation;

(b) Should the Court **reject** the sentencing recommendation, the Court would allow the Defendant an opportunity to withdraw Defendant's guilty plea. In this event, should Defendant not withdraw the guilty plea, then the Court could dispose of the case less favorably toward Defendant than the plea agreement contemplated. Should the Court reject the sentencing recommendation, the United States would have the right to withdraw from the plea agreement entirely.[1]

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. at 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to **Count Five** of the Superseding Indictment in case 18-198(DRD):

**Count Five** of the Superseding Indictment in case 18-198(DRD) carries a mandatory minimum term of imprisonment of five (5) years, to be imposed **consecutively** to any other sentence.

(Continued on Next Page)

---

[1] *See* United States v. Moure-Ortíz, 184 F.3d 1 (1st Cir. 1999).

The sentencing Guidelines for **Count Two** of the Indictment in case 18-335(GAG) are the following:

| SENTENCING GUIDELINES CALCULATION TABLE AS TO **COUNT TWO** OF THE INDITCMENT IN CASE 18-335(GAG) | |
|---|---|
| The offense involved a firearm described in Title 26, United States Code, Section 5854(a) and the defendant committed any part of the offense subsequent to sustaining one felony conviction for a controlled substance offense | 22 |
| Should defendant clearly demonstrate acceptance of responsibility for the offense, defendant's base offense level shall be further reduced by three (3) levels, pursuant to U.S.S.G. § 3E1.1. | -3 |
| TOTAL OFFENSE LEVEL | 19 |

SENTENCE RECOMMENDATION: After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), as to Count Two of the Indictment in case 18-335(GAG) the parties agree to recommend a sentence of 6 months of imprisonment irrespective of Defendant's criminal history category. The parties recognize that the recommendations that will be made to the Court as to sentencing constitute variances to the sentencing guidelines. The parties agree that after consideration of the nature of the offense, the charges of the indictment in 18-335(GAG) and of the Superseding Indictment in 18-198(DRD) and the combined sentencing recommendation of both cases, along with all 18 U.S.C. § 3553(a) factors, the sentencing range agreed to by the parties is consistent with the objectives of 18 U.S.C. § 3553. The parties further agree that any recommendation for a term of imprisonment below or above this stipulation will be a material breach of the plea agreement.

5

As to Count Five of the Superseding Indictment in case 18-198(DRD), the parties agree to recommend a sentence of 60 months of imprisonment to be served consecutive to the term imposed in Count Two for a total term of imprisonment of 66 months irrespective of his criminal history category. The parties agree that any recommendation for a term of imprisonment below or above this stipulation will be a material breach of the plea agreement.

CRIMINAL HISTORY CATEGORY: The parties make NO stipulation as to defendant's Criminal History Category.

8. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

9. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the combined imprisonment sentence imposed by the Court is 66 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

10. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with defendant's counsel, Carlos Sanchez La-Costa, Esq., and indicates that counsel has rendered effective legal assistance.

11. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

12. **DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

13. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

14. **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

16. **FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his rights, titles and interest in any firearms and ammunition involved or used in the commission of the offenses. Defendant acknowledges that he possessed the Property in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), as set forth in Count FIVE of the Indictment in 18-198(DRD), and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c).

16. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and denies the existence of any other term and conditions not stated herein.

## 17. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

## 18. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

RESPECTFULLY SUBMITTED.
W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernández González
Assistant U.S. Attorney
Chief, Criminal Division
Dated:

_____
Carlos Sanchez La-Costa, Esq
Counsel for Defendant
Dated: 06/13/2020

_____
Alberto R. Lopez-Rocafort
Assistant U.S. Attorney
Deputy Chief, Gangs Unit
Dated: 2/7/2020

_____
ARIEL LOPEZ COLON
Defendant
Dated:

_____
Teresa S. Zapata-Valladares
Assistant U.S. Attorney

9

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 06|19|2020

*Ariel Lopez Colón*
ARIEL LOPEZ COLON
Defendant

I am the attorney for the defendant. I have fully explained to the defendant her rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 06|13|2020

Carlos Sanchez La-Costa, Esq.
Counsel for Defendan

10

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **ARIEL LOPEZ COLON**, agrees that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18, <u>United States Code,</u> § 924(c) and of Title 18 <u>United States Code</u> §922(o). Had this case proceeded to trial as to case 18-198(DRD), the United States would have proven beyond a reasonable doubt that:

On or about March 7, 2018 defendant [3] **Ariel Lopez Colon** and another person arrived at a drug distribution point located inside a house in Cayey, Puerto Rico. There, they called out for the victim to come outside. Once outside, **Lopez Colon** and the other person let the victim use his cell phone to call the owner of that drug point. The victim then went into the house with **Lopez Colon** and the other individual, where **Lopez Colon** and the other individual, both possessing firearms, threatened the victim and took the victim's package of drugs and other items. The other individual remained in the house with the victim while **Lopez Colon** went to the Brisas de Cayey Public Housing Project to get a vehicle. When **Lopez Colon** returned with the car, **Lopez Colon** and the other individual both in possession of firearms forced victim into a white Toyota Corolla, license plate number INN-207. **Lopez Colon** and the other individual also took a backpack containing several types of controlled substances.

They drove off in the direction of the Brisas de Cayey Public Housing Project, where they were detected by Guayama Strike Force agents. A car chase through the town of Cayey ensued until the white Toyota Corolla reached a dead end in front of a wooded area. There, **Lopez Colon**, the other individual and the victim abandoned the vehicle and fled into the woods,

leaving behind the package of drugs, a .38 caliber Taurus revolver bearing serial number IE148289, three cell phones, two radio scanners, one gray digital scale, two masks, and other items.

The investigation revealed that the white Toyota Corolla was not manufactured in Puerto Rico, and therefore has travelled in interstate or foreign commerce. It also revealed that firearms are not manufactured in Puerto Rico; accordingly, the abovementioned Taurus revolver has also travelled in interstate or foreign commerce.

Defendant further admits that he possessed a firearm in furtherance of a crime of violence.

Had this case proceeded to trial as to case 18-335(GAG), the United States would have proven beyond a reasonable doubt that on or about April 12, 2018, Defendant Ariel Lopez Colon possessed firearm modified to expel more than one round of ammunition by a single function of the trigger without manual reloading. On or about April 12, 2018, Defendant was video recorded firing a fully automatic firearm, which is a machinegun, into a wooded area in the District of Puerto Rico. Defendant acknowledges that on that date he possessed a machinegun and that he knew of the machinegun's capacity to expel more than one round of ammunition by a single function of the trigger without manual reloading.

At trial, the United States would have proven beyond a reasonable doubt that defendant **ARIEL LOPEZ COLON** is guilty as charged in Count Five of the Superseding Indictment in case 18-198(DRD) and Count Two of the Indictment in case 18-335(GAG) by presenting physical and documentary evidence, videos, cell phone extractions, photographs, testimony of a forensic chemist as an expert witness, a cooperating witness and law enforcement agents among others.

12

Discovery was timely made available to Defendant for review.

_____
Teresa S. Zapata Valladares
Assistant U.S. Attorney
Dated: 2.5.20

_____
Carlos Sanchez La-Costa, Esq.
Counsel for Defendant
Dated: 06/13/2020

_____
ARIEL LOPEZ COLON
Defendant
Date: 06/19/2020

13